MEISNER, APPELLANT, *v.* FLEMION, EXR., APPELLEE.

(No. 591—Decided July 1, 1958.)

*Mr. Francis M. Marley,* for appellant.
*Mr. William C. Foster,* for appellee.

MIDDLETON, P. J. This is an appeal from a judgment of the Court of Common Pleas sustaining the motions of defendant to quash service of summons and dismissing plaintiff's petition.

The defendant is a nonresident of Ohio and was appointed executor of the estate herein, without bond. Upon the filing of her petition plaintiff filed an affidavit for constructive service, stating that the defendant was the duly appointed executor and a nonresident of Ohio, and that he could not be served with summons in Ohio. The defendant filed a motion to quash this service, which motion was sustained by the court and journalized March 2, 1957. An alias summons was issued, together with an affidavit for constructive service, and also an affidavit for attachment and a precipe for an order of attachment directed to The City Loan & Savings Company wherein was deposited funds of the decedent. A motion to quash this service of summons was sustained by order of the court dated October 23, 1957.

On March 6, 1957, a precipe for alias summons was filed, directing that summons be served in duplicate on William C. Foster who had been designated by the defendant as the attorney who would represent him in matters relating to the estate

at the time of the appointment of the defendant as executor of Joseph M. Flemion, deceased. It was stated that the defendant was absent from Ohio at the time said summons was served as directed. On motion of the defendant, the summons was quashed on October 23, 1957, and on the same day, on motion of the defendant, the court dismissed plaintiff's action.

Plaintiff's appeal is on questions of law from the judgment and final order entered herein on October 23, 1957.

The court's order of October 23, 1957, quashed the service by publication and the attempted attachment filed February 27, 1957, and also quashed the service made on defendant by delivery of duplicate of the summons on his designated attorney. This order also dismissed plaintiff's action.

No appeal was taken from the quashing of the original service of summons on defendant as a nonresident, referred to in plaintiff's first assignment of error. No appeal being taken from that order, plaintiff's first assignment of error is not well taken.

Coming now to plaintiff's third assignment of error, plaintiff states:

"That the court erred in sustaining a motion to quash the service of alias summons on defendant-appellee, which service was in compliance with Section 2109.03 of the Revised Code of Ohio and was made by serving the alias summons in duplicate upon the attorney designated in the Probate Court of Hancock County by defendant-appellee at the time of his appointment as executor of the estate of Joseph M. Flemion, deceased, as the attorney who would represent defendant-appellee in matters relating to said estate, defendant-appellee, at the time of said service of alias summons, being absent from the state of Ohio and this proceeding being against defendant-appellee, as such executor."

Section 2109.03, Revised Code, reads as follows:

"At the time of the appointment of a fiduciary, such fiduciary shall file in the Probate Court the name of the attorney, if any, who will represent him in matters relating to the trust. After the name of an attorney has been filed, notices sent to such fiduciary in his official capacity shall also be sent by the

court to such attorney who may sign waiver of service of any or all of such notices upon him. If the fiduciary is absent from the state, such attorney shall be the agent of the fiduciary upon whom summonses, citations, and notices may be served. Any summons, citation, or notice may be served upon the fiduciary by delivering duplicate copies thereof to the attorney designated by him. No probate judge shall permit any person to practice law in the Probate Court for compensation, unless he has been admitted to the practice of law within the state. This section does not prevent any person from representing his own interest in any estate, matter, action, or proceeding.''

Defendant admits that the attorney named and who was served by duplicate copy of summons is his designated attorney but contends that such service of summons is not authorized in this action. It is the contention of the defendant that the above-quoted section applies only to the Probate Court and not to actions in the Common Pleas Court, and that the only summons which can be served on the designated attorney are those pertaining to matters or actions in the Probate Court. With this construction of the statute we cannot agree. The statute states that the fiduciary shall file in the Probate Court the name of the attorney, if any, who will represent him in matters relating to the trust; that if the fiduciary is absent from the state such attorney shall be the agent of the fiduciary upon whom summons may be served; and that any summons may be served upon the fiduciary by delivering copies thereof to the attorney designated by him. There is nothing in this statute which can be construed as in any way limiting its application to actions in the Probate Court. The provision that *any summons* may be served upon the fiduciary as outlined in the statute is all-inclusive and is not limited or restricted to summonses in actions originating in the Probate Court.

It appears from the record in this case that plaintiff complied with every provision set out in this section, and that the service of summons was properly and effectively made upon the defendant by delivering duplicate copies thereof on the attorney designated by him.

In the opinion of the court, the action of the court below

in quashing the service made upon defendant by delivery of copies of the summons to his designated attorney was error prejudicial to the rights of the plaintiff, and that the court's order dismissing the plaintiff's action was also error.

Plaintiff's third and fourth assignments of error are well taken and are sustained.

As we find error as set forth in the third and fourth assignments of error it is not necessary to discuss or pass upon the claimed error as set forth in the second assignment of error.

The judgment is reversed and the cause remanded to the court below with instructions to overrule the motion to quash the service of summons made upon the defendant by delivering duplicate copies upon the attorney designated by him, which summons was issued April 27, 1957, and to overrule defendant's motion to dismiss plaintiff's cause.

*Judgment reversed.*

Younger and Guernsey, JJ., concur.